UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALLAN SINGER,<br><br>          Plaintiff,<br><br>     v.<br><br>MATTHEW BRAMAN, *et al*.<br><br>          Defendants. | **Case No. 1:17-cv-00725-EPG**<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS**<br><br>(ECF No. 1) |

Plaintiff Jason Allan Singer, appearing *pro se* and *in forma pauperis*, filed a Complaint on May 18, 2017. (ECF No. 1.) The Complaint alleges violations of 42 U.S.C. § 1983 against Defendants Downtowner Inn in Bakersfield, California; Matthew Braman, the night manager of the Downtowner Inn; Sandy Cartwright, the night clerk at the Downtowner Inn; and Stephany Munoz, a room cleaner at the Downtowner Inn. Plaintiff alleges that Defendants conspired with the Bakersfield Police Department to cause him injury. The Court has screened the Complaint and dismisses Plaintiff's Complaint with leave to amend.

**I.     LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to

1

amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff stayed at Defendant Downtowner Inn on the evening of May 13, 2015. At some point, when Plaintiff had left his room, Defendant Stephany Munoz entered his room to clean it. Munoz observed drug paraphernalia in the room, including pipes for smoking marijuana and methamphetamine. Munoz took pictures of the paraphernalia and texted them to Defendant Matthew Braman, who asked Defendant Sandy Cartwright to call police.

When police arrived, Defendants provided them with a copy of Plaintiff's driver's license for identification purposes and gave them Plaintiff's room number. The officers identified Plaintiff as a parolee who had previously been convicted of battery and was subject to drug testing and random searches. Braman told the officers that Plaintiff was scheduled to check out of

the motel that morning and asked that the officers inform Plaintiff that all illegal drug paraphernalia would need to be removed from the room upon checkout. Braman did not ask the officers to remove Plaintiff from the room, although he gave them a room key to Plaintiff's room.

The officers went to Plaintiff's room, knocked, and announced that they were from the Bakersfield Police Department. They did not receive any response and attempted to use the room key that Braman had provided. Because the door latch on the door was engaged, however, the officers were only able to partially open the door. From their vantage point, they observed Plaintiff lying on the bed in the room, along with Crystal Sullivan, a female companion of Plaintiff's. Sullivan came to the door and unlocked it. The officers attempted to speak to Plaintiff, but Plaintiff did not respond and stepped out of view of the officers. Concerned that Plaintiff might be seeking a weapon, the officers attempted to push open the door. Plaintiff came to the door and tried to force it shut.

A short struggle through the door opening ensued before Plaintiff retreated back into the room. As the officers entered the room, they observed a variety of "hand tools, large glass cylinders, and electronic items." One officer drew his taser and fired it at Plaintiff, but the taser failed to disable Plaintiff. Plaintiff then attempted to climb out of the window of the room. The officer ran to window and reached out to him, but Plaintiff released his grip and dropped three stories onto the ground. The officers summoned an ambulance and Plaintiff was taken to Kern Medical Center and treated. A later search of the room found 286 grams of marijuana and a variety of drug paraphernalia, including equipment that could be used to manufacture illegal drugs.

Plaintiff contends that Defendants engaged in a conspiracy to conduct an illegal search of his room, which caused him to severely injure himself when he fell from the third story window. Plaintiff does not name the police department or police officers who participated in the search as defendants. Plaintiff asks for compensatory damages related to the injuries he sustained in his fall.

**III. DISCUSSION**

To state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and ***must show that the alleged deprivation was***

*committed by a person acting under color of state law.*" *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Private parties, such as the Defendants in this action, are not generally acting under color of state law for the purposes of § 1983. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power. It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed").

In some circumstances, a conspiracy between private and state actors can render the private actor liable under § 1983. "To prove a conspiracy between private parties and the government under § 1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown." *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983). "To be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). "The Ninth Circuit requires a 'substantial degree of cooperation' between the government and a private citizen before finding such a conspiracy." *Annan-Yartey v. Honolulu Police Dep't*, 475 F.Supp.2d 1041, 1046 (D. Haw. 2007), *quoting Franklin*, 312 F.3d at 445.

A conclusory allegation that a conspiracy existed is not enough. *Price*, 939 F.2d at 708 ("a defendant is entitled to more than the bald legal conclusion that there was action under color of state law"). "[M]erely complaining to the police does not convert a private party into a state actor." *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989), *citing Rivera v. Green*, 775 F.2d 1381, 1382–84 (9th Cir. 1985). Even contacting the police and then providing them false statements about a plaintiff is not enough to create a conspiracy. *Annan-Yartley*, 475 F.Supp.2d at 1047 ("providing false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under § 1983"), *quoting Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1340 (7th Cir. 1985). Nor is it an actionable conspiracy where a private party collects information about potential criminal activity, contacts authorities about that activity, and then hands that information over to authorities. *Arnold v. IBM Corp.*, 637 F.2d 1350, 1357-58 (9th Cir. 1981) ("The undisputed facts concerning defendants' involvement in the arrest and indictment of

Arnold, and the search of Arnold's residence, established that their involvement with the Task Force did not proximately cause Arnold's injuries . . . a person who supplies inaccurate information that leads to an arrest is not involved in joint activity with the state and, thus, not liable under section 1983."), *citing Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323, 327 (7th Cir. 1978).

Plaintiff alleges that Defendant Munoz, a hotel employee, took pictures of drug paraphernalia that he left around his room. She then provided those pictures to Defendant Braman, who had Defendant Cartwright call the police. They then provided those pictures to police. They did not undertake any of these actions under the direction of the police. Nor did they assist in the later search of Plaintiff's room incident to his arrest. Given these facts, Plaintiff has not stated a claim against any of the Defendants because he has not established that the Defendants had any agreement or shared goal with police or that Defendants had the requisite "substantial degree of cooperation" with the police. Thus, the Defendants are not state actors and cannot be held liable under § 1983.[1] *See, e.g.*, *Fonda*, 707 F.2d at 438 (private party allowing police access to evidence in their possession "is, without more, insufficient to prove a conspiracy"); *Purvis v. Wiseman*, 298 F. Supp. 761, 763–64 (D. Or. 1969) ("If the maids did transgress Petitioner's privacy, the product of this transgression will not be excluded from evidence unless State action is involved. The Fourth Amendment does not apply to actions of private persons.")

The Court will provide Plaintiff an opportunity to amend the Complaint. If Plaintiff chooses to file a First Amended Complaint, it must bear the docket number assigned in this case and be labeled "First Amended Complaint." As a general rule, an amended complaint supersedes

---

[1] The Complaint also contends that Defendants' actions caused an "illegal search and seizure" that impinged on his right to privacy. The Court need not reach the question of whether a constitutional deprivation has been alleged because the Complaint establishes that no state action occurred. The Court observes, however, that Plaintiff was a parolee whose conditions of parole included a search condition and thus had a correspondingly lower expectation of privacy. *Samson v. California*, 547 U.S. 843, 852 (2006) ("Examining the totality of the circumstances pertaining to petitioner's status as a parolee, 'an established variation on imprisonment,' *Morrissey,* 408 U.S., at 477, 92 S.Ct. 2593, including the plain terms of the parole search condition, we conclude that petitioner did not have an expectation of privacy that society would recognize as legitimate."), *citing* Cal. Penal Code § 3067(a) ("Any inmate who is eligible for release on parole pursuant to this chapter shall agree in writing to be subject to search or seizure by a parole officer or other peace officer at any time of the day or night, with or without a search warrant and with or without cause.").

5

any earlier complaints. *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). In other words, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff should review the Court's analysis with respect to his asserted claims and should only allege causes of action for which he believes that he may plausibly state a claim.

Because Rule 8(a) requires a short and plain statement of the claim, twenty-five pages, excluding exhibits, are sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, Plaintiff's amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

## IV. ORDER

For the reasons set forth above, Plaintiff's Complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff is instructed to consider the standards set forth in this Order and should only file an amended complaint if he believes his claims are cognizable. Any amended complaint shall be filed no later than **July 17, 2017**. Failure to file an amended complaint by the date specified will result in dismissal of this action.

IT IS SO ORDERED.

Dated: **June 15, 2017**            /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE

6