UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALLAN SINGER,<br><br>            Plaintiff,<br><br>    v.<br><br>MATTHEW BRAMAN, *et al*.<br><br>            Defendants. | Case No. 1:17-cv-00725-DAD-EPG<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF PLAINTIFF'S CASE FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER**<br><br>**(ECF Nos. 1, 11)** |

Plaintiff Jason Allan Singer, appearing *pro se* and *in forma pauperis*, filed a Complaint on May 18, 2017. (ECF No. 1.) The Complaint alleges violations of 42 U.S.C. § 1983 against Defendants Downtowner Inn in Bakersfield, California; Matthew Braman, the night manager of the Downtowner Inn; Sandy Cartwright, the night clerk at the Downtowner Inn; and Stephany Munoz, a room cleaner at the Downtowner Inn. Plaintiff alleges that Defendants conspired with the Bakersfield Police Department to cause him injury.

On June 15, 2017, the Court screened Plaintiff's complaint pursuant to its authority in 28 U.S.C. § 1915(e)(2). (ECF No. 11.) The Court found that Plaintiff's complaint failed to state a claim upon which relief could be granted. Therefore, Plaintiff's complaint was dismissed with leave to amend. Plaintiff was instructed to consider the legal standards set forth in the screening

order, and that he "should only file an amended complaint if he believes his claims are cognizable." (*Id.* at 6). The deadline for filing the amended complaint was set for July 17, 2017, and Plaintiff was warned that "[f]ailure to file an amended complaint by the date specified will result in dismissal of this action." (*Id.*)

As of the date of these Findings and Recommendations, Plaintiff has not filed an amended complaint.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal." *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

To determine whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Henderson*, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because the case has been pending since May 25, 2017, the date it was it transferred to this District. Following the Court's June 15, 2017 Order, however, Plaintiff has shown no interest in participating in the litigation any further. The third factor, risk of prejudice to defendants, also

weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. The Court's June 15, 2017 Order stated that the case would be dismissed if Plaintiff failed to file an amended complaint. (ECF No. 20.) Moreover, there are few sanctions that could compel Plaintiffs to prosecute an action that they are simply uninterested in pursuing, particular at this early stage of litigation.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiffs' failure to state a claim, failure to prosecute, and failure to comply with the Court's June 15, 2017 Order.

These findings and recommendations will be submitted to the United States District Judge assigned to this case pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within **fourteen (14)** days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015).

IT IS SO ORDERED.

Dated: **July 31, 2017**            /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE