UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALLAN SINGER,<br><br>             Plaintiff,<br><br>      v.<br><br>MATTHEW BRAMAN, *et al.*<br><br>             Defendants. | 1:17-cv-00725-DAD-EPG<br><br>ORDER DENYING MOTION TO SUSPEND REMAINING FILING FEE BALANCE<br><br>(ECF No. 22) |

  Plaintiff Jason Allan Singer, appearing *pro se*, filed a complaint on May 18, 2017, pursuant to 42 U.S.C. § 1983, alleging civil rights violations against Defendants Downtowner Inn; Matthew Braman, the night manager of the Downtowner Inn; Sandy Cartwright, the night clerk at the Downtowner Inn; and Stephany Munoz, a room cleaner at the Downtowner Inn. Plaintiff generally alleged that Defendants conspired with the Bakersfield Police Department to violate his rights.

  On May 31, 2017, the Court granted Plaintiff's application to proceed *in forma pauperis*, directing the California Department of Corrections and Rehabilitation to send payments in the amount of twenty percent (20%) of the preceding month's income credited to Plaintiff's prison trust account to the Clerk of the Court each time the amount in the account exceeded $10.00 until the statutory filing fee of $350 was paid in full under 28 U.S.C. § 1915(b)(2). (ECF No. 10).

On March 23, 2018, the assigned District Judge adopted the Court's recommendation to dismiss the case due to Plaintiff's failure to state a claim, failure to prosecute, and failure to comply with the Court's orders. (ECF Nos. 19, 20). Judgment was entered the same day against Plaintiff, and the case was closed. (ECF No. 21).

Now before the Court is Plaintiff's motion, filed on November 18, 2022, to suspend the remaining balance of his filing fee, which he says has "continued to be a burden and undue hardship by taking 20% of [his] meager wages earned . . . in prison." (ECF No. 22, p. 2) (capitalization omitted). Plaintiff cites no authority permitting the Court to reopen his case after approximately four-and-a-half years to suspend his payment of the filing fee required under § 1915. And the Court notes that "Title 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to reduce or waive the payment of Plaintiff's filing fee, suspend collection of the filing fee, or to reimburse any payments already made." *Bowersock v. Kernan*, No. 1:18-CV-01040-BAM (PC), 2018 WL 5304810, at *1 (E.D. Cal. Oct. 24, 2018).

Accordingly, IT IS ORDERED that Plaintiff's motion to suspend the remainder of his filing fee balance (ECF No. 22) is denied. This case remains closed.

IT IS SO ORDERED.

Dated:   **November 21, 2022**         /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE